IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01805-MSK-BNB

MICHAEL J. SANCHEZ,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, acting by and through its Board of Water Commissioners,

Defendant.
_____

**ORDER**
_____

This matter is before me on the **Unopposed Motion to Amend Scheduling Order** [Doc. # 38, filed 12/17/2007] (the "Motion"). The Motion is DENIED as premature.

This action was commenced by the filing of a complaint on August 27, 2007. The defendant has not answered and, instead, filed *Defendant's Rule 12 and 56 Motion for Summary Judgment Dismissing the Complaint and All Claims Therein* [Doc. # 15, filed 10/17/2007]. I held a scheduling conference on November 1, 2007, and entered a Scheduling Order. The Scheduling Order established December 16, 2007, as the deadline to join parties and amend pleadings. *Scheduling Order* [Doc. # 20, filed 11/1/2007] at Part 8.a.

The parties, through the Motion, seeks to extend the deadline to amend and add to "ten (10) days after the Court's determination of the pending summary judgment motion." Motion at p.1. As grounds for the Motion, counsel for the defendant states:

> On October 17, 2007, Denver Water filed Defendant's Rule 12 and
> 56 Motion for Summary Judgment Dismissing the Complaint and
> all Claims Therein . . . in lieu of answering the Complaint. As

> Denver Water is not required to file a responsive pleading until the
> Court rules on its summary judgment motion, the cutoff date for
> amending the pleading is premature and would cause prejudice to
> Denver Water. Fed. R. Civ. P. 112(a)(4)(A). Similarly, should the
> Court's ruling on Denver Water's summary judgment motion
> eliminate any of Plaintiff's claims, Plaintiff will need an opportunity
> to amend his Complaint.

Motion at ¶3.

First, I am troubled by the defendant's repeated reference to its pending dispositive motion as a motion for summary judgment. It is not only that. Its caption proclaims that it is a "Rule 12 and 56 Motion," and the defendant cites Fed. R. Civ. P. 12 in its brief in support of the motion. I disapprove of any practice of filing under Rule 12(b)(6) what clearly is a motion for summary judgment (because matters outside the pleadings are presented), and the movant assuming that the court will treat the motion as one for summary judgment under Rule 56,[1] unless an answer to the complaint also is filed. If a party wants to file what certainly is a motion for summary judgment, it must also file an answer. See Fed. R. Civ. P. 56 (containing no provision similar to that in Rule 12(a)(4) relieving a party filing a motion to dismiss from the obligation to answer). Conversely, if a party files a true motion to dismiss which does not rely on matters outside the pleadings, it is relieved of the obligation to answer pending a determination of the motion to dismiss. Fed. R. Civ. P. 12(a)(4). Filing an obvious motion for summary judgment, regardless of how it is denominated, under the guise of a motion to dismiss without

---

[1] Fed. R. Civ. P. 12(b) provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss, for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

2

also answering the complaint, is a manipulation of the rules for the improper purpose of delay and should not be tolerated.

More to the point of the pending Motion, however, I note that the purpose of the deadline to amend and add contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be. A motion to amend and add parties may be filed after the deadline contained in the Scheduling Order, subject to the movant making the greater showing of good cause why the amendment was not sought within the time previously allowed. In my view, good cause is established when the movant shows that the amendment is the result of new information, learned through discovery or private investigation, is the result of a change in the law, or is the result of something else which was not known and could not in the exercise of reasonable diligence have been known at the time of the deadline established in the Scheduling Order.

Under this analysis, the Motion is premature. The defendant has not yet had to answer. When it does, it will file its initial answer, not an amendment. Consequently, the deadline to amend and add is inapplicable to the defendant. Similarly, if the plaintiff is concerned with a possible amendment necessitated by a ruling on the pending dispositive motion, the ruling may constitute good cause allowing an amendment.

Nor will I extend the deadline to amend and add in the abstract. The party seeking to extend the deadline must attach a proposed amended pleading. It is only upon review of the proposed amendment that I can determine with certainty whether the amendment raises a new issue not previously known, in which case good cause has been shown, or whether it seeks to

assert a claim known or which should have been known prior to the deadline set in the Scheduling Order, in which case no good cause would exist and the amendment should not be allowed.

IT IS ORDERED that the Motion is DENIED as premature.

Dated December 20, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge